Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

GREGORY W. KUGLE          6502-0
gwk@hawaiilawyer.com
LOREN A. SEEHASE          10414-0
las@hawaiilawyer.com
JOANNA C. ZEIGLER         10426-0
jcz@hawaiilawyer.com
TOREN K. YAMAMOTO         11520-0
tmk@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII LEGAL SHORT-TERM RENTAL ALLIANCE, a Hawaii nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, a municipal corporation; DEPARTMENT OF PLANNING AND PERMITTING OF THE CITY AND COUNTY OF HONOLULU; DEAN UCHIDA IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE DEPARTMENT OF PLANNING AND PERMITTING; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EXHIBITS "A" & "B"** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff HAWAII LEGAL SHORT-TERM RENTAL ALLIANCE ("Plaintiff" or "HILSTRA"), by and through its attorneys, Damon Key Leong Kupchak Hastert, and for causes of action against Defendant CITY AND COUNTY OF HONOLULU, Defendant DEPARTMENT OF PLANNING AND PERMITTING OF THE CITY AND COUNTY OF HONOLULU, and Director of the Department of Planning and Permitting DEAN UCHIDA (collectively "Defendants"), alleges and avers as follows:

### INTRODUCTION

1.      For over thirty five (35) years, the minimum rental period for a legal long-term rental in Honolulu has been thirty (30) days and property owners, operators and managers have structured their lives and businesses around this settled law.  Bill 41 (2021), CD2 was signed into law as Ordinance 22-7 (Relating to Transient Accommodations) on April 26, 2022 and will take effect on October 23, 2022.  Most egregiously, Ordinance 22-7 changes the minimum legal long-term rental period on Oahu from thirty (30) days to ninety (90) days, while making no provision for those property owners and operators who have purchased and legally rented properties for a minimum of 30 days to 89 days ("30 day rentals") for years, and in some cases, decades.  If Ordinance 22-7 is allowed to take effect without the protection of preexisting lawful uses and property rights, thousands of

2

Oahu property owners and related businesses will be irreparably harmed and the Defendant City and County of Honolulu ("CITY") will face damages in the tens, if not hundreds of millions of dollars.

2.      The impact of Ordinance 22-7 has already been immediate and devastating to the owners and operators of legal rental properties on Oahu because rental bookings are typically made eighteen (18) months out, meaning existing rental agreements that will occur after April 21, 2023[1] will have to be cancelled, and listings will have to be altered.  In addition, Ordinance 22-7 is already causing substantial disruption and uncertainty in the rental market, causing prospective tenants to reconsider lodging alternatives.  Lost income and damages will only increase once Ordinance 22-7 takes effect.

3.      Legal 30 day rentals are used by: members of the United States armed forces transitioning to or from military housing; doctors and nurses providing contracted medical care at Oahu health care facilities; local residents transitioning between buying or selling homes; contractors and their employees performing work on Oahu, and; others temporarily working on or visiting Oahu, who out of need or preference choose not to stay in a traditional hotel in or near the resort zone for the duration of their time on Oahu.  30 day rentals fill a much needed accommodation market that is not served by traditional hotels or for employment

---

[1] Section 14 of Ordinance 22-7 provides that properties rented for 30 to 89 days may continue to be rented for 180 days after the effective date, or April 21, 2023.

that is distant from resort zoned areas.

4.      The owners and operators of legal 30 day rental properties pay Hawaii general excise tax, Hawaii transient accommodation tax, and now City transient accommodation tax, collectively in the millions of dollars.  They include Oahu residents who live in their homes and rent out portions of their homes, Oahu residents who rent out second homes on their properties or elsewhere, Oahu residents who rent out their homes while travelling or working off island, and many others.  Numerous Oahu residents and businesses provide services to, and depend on, legal 30 day rental properties, including cleaners, landscapers, property managers, booking agents and others.

5.      Ordinance 22-7 will ban the rental of property on Oahu for periods of 30 to 89 days island-wide, except for properties located in the Resort zoning district or in certain A-1 and A-2 Apartment zoning districts in close proximity to a Resort zone.  In the vast majority of Oahu, 30 day rentals will no longer be legal. Plaintiff's members, and others similarly situated, own, rent, manage and advertise properties for rent for periods between 30 and 89 days outside of the small areas permitted under Ordinance 22-7, and their interests will be harmed if Ordinance 22-7 is permitted to take effect without protection of their statutory and constitutional rights.

6.     Ordinance 22-7 violates the Hawaii Zoning Enabling Act, Haw. Rev. Stat. § 46-4(a), and is unconstitutional under both the Hawaii and United States Constitutions because it impermissibly interferes with and takes pre-existing vested property rights.  Plaintiff, on behalf of itself, its members and others similarly situated, seeks declaratory and injunctive relief from this Court so that their lawful rental activities do not subject them to excessive fines imposed by the CITY or to further damages from the taking of their vested property rights.

7.     The right to own and rent property is a fundamental right under the United States and Hawaii Constitutions, and Plaintiff's members and others similarly situated have property interests in the ownership and use of their properties, for purposes of vested rights, takings and due process.

## PURPOSE OF THIS LAWSUIT

8.     The purpose of this lawsuit is to compel the CITY, DPP and the Director to recognize the prior lawful use and advertisement of those owners and operators that were engaged in the previously legal advertisement and rental of property on Oahu for 30 days or more before the effective date of Ordinance 22-7, and to allow those owners and operators to continue to advertise and rent for periods of 30 days or more as nonconforming uses after the effective date of Ordinance 22-7.  A declaration by this Court that the Defendants must provide a process for the determination and protection of non-conforming uses and an

5

injunction against the enforcement of Ordinance 22-7 until such rights are recognized, will provide Plaintiff, its members, and others similarly situated, with effective relief.

## NATURE OF ACTION AND JURISDICTION

9.    Plaintiff is and was at all relevant times a Hawaii nonprofit corporation doing business in the City and County of Honolulu and State of Hawaii, whose purpose is to create a sustainable business environment for legal property rentals in Hawaii and industry participants through policies and best practices.  Plaintiff's members consist of property managers and property owners who have been engaged in the advertising and renting of Oahu properties for 30 days or more prior to the effective date of Ordinance 22-7.  Similarly situated property owners and property managers are those who rent all or portions of properties to guests for compensation in compliance with the law as it existed before Ordinance 22-7.  Plaintiff's members, and many other Oahu property owners and managers, have been engaged in the lawful rental of their properties for a minimum of 30 days prior to the passage of Ordinance 22-7, and their constitutional and statutory rights will be violated if Ordinance 22-7 is applied according to its terms.

10.    This is a civil action under 42 U.S.C § 1983 seeking declaratory judgment and injunctive relief against Defendants for committing acts, under color

of law, with the intent and for the purpose of depriving Plaintiff, its members, and others similarly situated, of rights secured under the Constitution and laws of the United States and the State of Hawaii.

11.     This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the other claims pursuant to 28 U.S.C. § 1367.  The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

12.     This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).  Plaintiff, and the properties owned or managed by its members, are located in this judicial district; the actions complained of took place in this judicial district; documents and records relevant to the allegations are maintained in this judicial district; and the Defendants are present in and regularly conduct affairs in this judicial district.

**PARTIES**

13.     Plaintiff incorporates by reference its allegation in Paragraph 9 above.

14.     "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c)

neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).  Plaintiff has standing to assert these claims on behalf of its members and other similarly situated because (a) its members who own or manage Oahu properties for rent for 30 days or more would have standing to challenge Ordinance 22-7 themselves; (b) the preservation of legal 30 day rentals is germane to Plaintiff's purpose, and; (c) the claims asserted and relief requested do not require the participation of individual members.

15.    Defendant CITY AND COUNTY OF HONOLULU ("CITY") is a municipal corporation, and is legally responsible for the acts and omissions of its departments, officials and boards.

16.    Defendant DEPARTMENT OF PLANNING AND PERMITTING OF THE CITY AND COUNTY OF HONOLULU ("DPP") is the agency charged with enforcing zoning regulations on Oahu, pursuant to the Land Use Ordinance ("LUO"), Chapter 21 of the Revised Ordinances of Honolulu.

17.    Defendant DEAN UCHIDA ("Director") is, and at all relevant times was the Director of the DPP, and, in performing his duties is and was, at all relevant times, acting under color of law.  The Director is being sued only in his official capacity.

18.    The Doe Defendants are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendants. Plaintiff and its attorneys have, in good faith, attempted to ascertain their identities by reviewing the documents in their possession and reviewing relevant public records.  Plaintiff requests leave to amend this Complaint to insert the true names, identities, capacities, activities, interests, rights and/or responsibilities of said Doe Defendants if and when they are ascertained, including without limitation, through discovery.

## CONSTITUTIONAL AND STATUTORY
## PROTECTION OF PRIOR LAWFUL USE IN HAWAII

19.    It is well-settled in Hawaii that "the right of a property owner to the continued existence of uses and structures which lawfully existed prior to the effective date of a zoning restriction is grounded in constitutional law." *Waikiki Marketplace Inv. Co. v. Chair of the Zoning Bd. of Appeals of City and Cty. of Honolulu*, 86 Hawaii 343, 353, 949 P.2d 183, 193 (1997) (*citing* United States Constitution, Amendment V and Hawaii Constitution, art. 1 § 5).  "[D]ue process principles protect a property owner from having his or her vested property rights interfered with, and preexisting lawful uses of property are generally considered to be vested rights that zoning ordinances may not abrogate."  *Id*. (Citations omitted).

20.     Hawaii's courts vigorously protect prior lawful uses from subsequent zoning amendments that prohibit those uses.  *See Waikiki Marketplace Inv. Co. v. Chair of the Zoning Bd. of Appeals of City and Cty. of Honolulu*, 86 Hawaii 343, 354, 949 P.2d 183, 191 (App. 1997) ("Requiring Appellant to remove the addition and pay daily fines until the addition was removed would constitute an interference with Appellant's vested property rights, in violation of the due process clauses of the federal and state constitutions."); *see also Ferris Trust v. Planning Comm'n of Kauai*, 138 Hawaii 307, 313, 378 P.3d 1023, 1029 (App. 2016) ("In light of the express purpose of [the Kauai ordinance] and the need to avoid serious constitutional questions, we construe the ordinance as permitting the 'owner, operator, or proprietor of any single family transient vacation rental' who had been operating before March 7, 2008, to apply for a nonconforming use certificate.").

21.     In addition to the protection of prior lawful uses afforded by the due process clauses of the United States and Hawaii constitutions, the Hawaii Legislature has enshrined similar protection in statute with the Hawaii Zoning Enabling Act.

22.     The CITY's power to zone is both granted **and limited** by the State. "[I]t is fundamental that the authority to zone is conferred by the legislature on the counties." *Save Sunset Beach v. City & County of Honolulu*, 102 Hawaii 465, 480, 78 P.3d 1, 15 (2003).  "The counties of our state derive their zoning powers from

HRS § 46-4(a) (Supp. 1988), referred to as the Zoning Enabling Act." *Kaiser Hawaii Kai Dev. Co. v. City and County of Honolulu*, 70 Haw. 480, 483, 777 P.2d 244, 246 (1989).  Any zoning ordinance that conflicts with Hawaii statutory law is invalid.  *Save Sunset Beach v. City & County of Honolulu*, 102 Hawaii 465, 481, 78 P.3d 1, 16 (2003) ("Thus, any conflict between State provisions and the county zoning ordinances is resolved in favor of the State statutes, by virtue of the supremacy provisions of article VII, section 6 of the Hawaii Constitution and HRS § 50-15.").

    23.    The Zoning Enabling Act, HRS § 46-4(a), in turn, provides an important limitation on the City's zoning power to protect prior lawful uses from prohibition by a change in the law:

> **Neither this section nor any ordinance enacted pursuant to this section shall prohibit the lawful use of any building or premises for any trade, industrial, residential, agricultural, or other purposes for which the building or premises is used at the time this section or the ordinance takes effect**; provided that a zoning ordinance may provide for the elimination or phasing out of nonconforming uses or signs over a reasonable period of time in commercial, industrial, resort, and apartment zoned areas only.  **In no event shall such amortization or phasing out of nonconforming uses apply to any existing building or premises used for residential** (single-family or duplex) or agricultural **uses**. (Emphasis added).

## LEGAL RENTALS PRIOR TO BILL 41

24.    Prior to October 22, 1986, the CITY's Comprehensive Zoning Code did not restrict the duration of the rental of dwelling units on Oahu.

25.    The CITY first regulated "short-term" rentals in 1986 when it adopted the Land Use Ordinance as Ordinance 86-36 to prohibit transient vacation units ("TVUs") and bed and breakfast homes ("B&Bs") outside of the resort district which could not demonstrate they had been in operation prior to October 22, 1986. For the next 36 years, the LUO and the CITY defined an illegal TVU or B&B as "a dwelling unit or lodging unit which is provided for compensation to transient occupants for less than 30 days".  LUO § 21-10.1.

26.    From 1986 to the present, so called "30 day rentals" have been legal in any dwelling unit in any zoning district on Oahu.

27.    With the 1986 amendment to the zoning code, the CITY recognized that the Hawaii Zoning Enabling Act and constitutional principles required that it protect the prior lawful use of properties that had been renting for less than 30 days in zoning districts where that was no longer permitted by the amendment, by providing a process by which legal nonconforming uses of properties that had been legally renting for less than 30 days could prove prior lawful use to the DPP, and thereafter obtain a nonconforming use certificate ("NCUC") and continue such use subject periodic renewal with the DPP.  Currently, there are 759 TVUs and 34

B&Bs on Oahu holding NCUCs.

28.    The 1986 procedure for proving a nonconforming use and obtaining a NCUC is contained at LUO § 21-4.110.1 (TVU) and § 21-4.110.2 (B&B) and requires the owner, operator or proprietor to provide documentation establishing the pre-existing use.   Other counties have more recently undertaken similar procedures to confirm nonconforming transient vacation rentals and obtain a NCUC, including Kauai County in 2008 and Hawaii County in 2019.

29.    For the next 36 years, from 1986 to 2022, properties that did not qualify for a NCUC were allowed by right to be legally rented for 30 days or longer, and a substantial number of Oahu properties were purchased and rented legally in reliance on the law allowing 30 day rentals.

30.    In a 2016 lawsuit settlement, *Kokua Coalition v. Department of Planning and Permitting*, Civil. No. 1:16-cv-00387 DKW-RLP, the CITY acknowledged and permitted these 30 day rentals, and thousands of Oahu property owners and operators relied on this to purchase and rent legally for 30 days or more.   A true and correct copy of the settlement agreement is attached to Exhibit "A" of this Complaint.

31.    Prior to 2019, there were no restrictions on advertising of 30 day rentals or on advertising of TVUs and B&Bs.

32.     In an attempt to strengthen the zoning law to prohibit illegal "short-term rentals", *i.e.*, TVUs and B&Bs that were being rented for less than 30 days without a NCUC in zoning districts where such use was prohibited, the CITY enacted Ordinance 19-18 in 2019.  Among other things, Ordinance 19-18 increased penalties for illegal "short-term" rentals, regulated advertisements and hosting platforms, and required the DPP to develop rules to allow the issuance of new B&B permits.

33.     In a 2019 lawsuit over Ordinance 19-18, *Kokua Coalition v. Department of Planning and Permitting*, Civil. No. 19-00414 DKW-RT, the CITY and the DPP again recognized the permissibility of 30 day rentals by entering a Stipulation and Order concerning illegal "short-term" and legal long-term rentals under Ordinance 19-18.  A true and correct copy of this is attached as Exhibit "A." Thousands of Oahu property owners and operators relied on this to purchase and rent legally for 30 days.

34.     The Stipulation and Order entered in *Kokua Coalition v. Department of Planning and Permitting*, Civil. No. 19-00414 DKW-RT established the parameters of legal advertisements for 30 day rentals: "advertisements, solicitations, and offers stating daily rates, and/or less than monthly rates, and/or a minimum stay of less than 30 days does not cause a dwelling unit that is rented for thirty days or more to be a 'transient vacation unit' or 'bed and breakfast home'

14

within the meaning of Ordinance 19-18 if such advertisement, solicitation, or offer states that the minimum rental period for the property is thirty days." Thousands of Oahu property owners and operators relied on this to legally advertise their 30 day rentals.

35.   The CITY and DPP were unwilling or unable to enforce Ordinance 19-18, for instance the rules that were required to be adopted and the creation of the required B&B permitting regime were never implemented. Instead, the DPP began issuing Notices of Violation and Notices of Order threatening and imposing enormous fines against property owners and operators who advertised legal long-term rentals, *i.e.*, those for 30 days or more despite the provisions of the Stipulation and Order entered in *Kokua Coalition v. Department of Planning and Permitting*, Civil. No. 19-00414 DKW-RT. Upon information and belief, this reflected a policy pivot by the Director and DPP to undermine legal 30 day rentals.

36.   Instead of enforcing Ordinance 19-18, the Director and DPP introduced Bill 41 to the Honolulu City Council ("City Council") and the Honolulu Planning Commission ("Planning Commission"), ostensibly to completely overhaul the regulation of short-term rentals on Oahu. At various hearings before the City Council, it's Committees and the Planning Commission, Bill 41 was met with opposition, including by Plaintiff, its members, and others similarly situated.

## PASSAGE OF BILL 41

37.   After hearings and public testimony before the City Council, the City Council passed Bill 41, CD 1 on April 13, 2022, and Mayor Rick Blangiardi signed Ordinance 22-7 on April 26, 2022.  Ordinance 22-7 will take effect on October 23, 2022.  A true and correct copy of Ordinance 22-7 is attached as Exhibit "2."

38.   Among its most egregious provisions, Section 12 of Ordinance 22-7 provides that a rental of a dwelling unit "for less than 90 consecutive days" is an "unpermitted" TVU or B&B, which is not legal unless conducted in a zoning district that permits it, or pursuant to a NCUC.  Ordinance 22-7 similarly prohibits advertising of a dwelling unit for rental for less than 90 consecutive days and expressly prohibits a daily or less-than three month rental rate from being listed, although that was previously legal.  Ordinance 22-7 is a full frontal assault on the right to rent or advertise 30 day rentals, and effectively wipes out the rental of properties for 30 to 89 days, like those rented by Plaintiff, its members, and others similarly situated, in all but three limited zoning districts: the Resort district, and A-1 and A-2 Apartment districts in close proximity to the Resort district.

39.   In addition, major hosting platforms and advertising sites, generally display daily, weekly or monthly rates, which is beyond the control of the property owner or manager listing the property for rent. In other words, Ordinance 22-7 is a de facto ban on advertising.

40.     Ordinance 22-7 does not contain an express provision for recognizing previously lawful uses of properties as 30 day rentals, as the 1980s zoning amendment did, and as the Zoning Enabling Act, the United States and Hawaii constitutions require.

41.     However, Section 14 of Ordinance 22-7 reads in its entirety:

> Owners and operators of dwelling units (or portions thereof) that, prior to the effective date of this ordinance, were being rented for periods of 30 consecutive days up to 89 consecutive days may continue to rent the dwelling units for such periods (without having to register as a bed and breakfast home or transient vacation unit) for 180 days after the effective date of this ordinance. After the 180-day period has expired, all owners or operators of dwelling units (or portions thereof) that were being rented for periods of 30 consecutive days up to 89 consecutive days shall either register the dwelling as a bed and breakfast home or transient vacation unit, or thereafter rent the dwelling unit (or portion thereof) only for periods of 90 consecutive days or more.

42.     Section 14 of Ordinance 22-7 is not limited to any specific zoning district and therefore applies to all zoning districts on Oahu.

43.     The only way to read Section 14 of Ordinance 22-7 to be consistent with, and not pre-empted by, HRS § 46-4(a) and the constitutional doctrines of vested rights and zoning estoppel, is as a "grandfathering" or non-conforming use provision, which allows anyone who was previously renting properties for 30 to 89 consecutive days, to be subject to the registration provisions of Section 10, regardless of which zoning district applies to the property.

44.     Section 14 expressly authorizes Plaintiff, its members, and those owners and operators similarly situated in conducting legal 30 day rentals to continue to rent and advertise for 30 day rentals for 180 days after the effective date of Ordinance 22-7, and thereafter allows them to register with the DPP and continue to rent and advertise subject to Ordinance 22-7's registration and renewal provisions, without regard to the zoning district in which the property is located, and Plaintiff is entitled to a declaratory judgment to this effect in favor of itself, its members, and all others similarly situated.

45.     However, this is inadequate because registration under Section 14 of Ordinance 22-7 is different from registration as a nonconforming use.    A registration under Ordinance 22-7 requires the provision of information and documents not required of a nonconforming use.  A registration under Ordinance 22-7 is not transferable whereas a nonconforming use runs with the land and is transferable.  A registration under Ordinance 22-7 can be denied or revoked at the Director's discretion while a nonconforming use can only be lost through abandonment.  Thus, registration under Ordinance 22-7 is insufficient absent the additional protections afforded to nonconforming uses.

46.     Section 14 of Ordinance 22-7 cannot be lawfully read to be a phase out or amortization period because: (1) HRS § 46-4(a) only allows a phase out or amortization in the commercial, industrial and apartment zoned areas, and not in

other areas like the residential zone where many of Plaintiff's members, and others similarly situated, own and operate rental properties; (2) HRS § 46-4(a) expressly prohibits phase out or amortization in buildings or premises used for residential purposes like the properties owned and operated by Plaintiff's members and others similarly situated, and; (3) phase out or amortization periods are required to be "a reasonable period of time" and one year is unreasonable in light of the average cost of a dwelling unit (single family residential or condominium) on Oahu, particularly given that many properties are subject to a traditional 30 year mortgage.

47.    In reliance on the express language of the LUO as it has existed for over 35 years, and which was amended most recently just over two years ago, and the pattern and practice of the CITY and DPP in enforcing the LUO (including but not limited to Exhibit "A"), many Oahu property owners, lessees, operators, proprietors – including Plaintiff's members, and others similarly situated – purchased and leased properties, structured their lives and businesses around, and rented properties pursuant to the then-existing provisions of the LUO by legally renting all, or portions of, their properties for 30 days or more.  The vast majority of these property owners, lessees, operators and proprietors, pay general excise tax, transient accommodation tax and income tax on their legal rentals.

48.    In addition to property owners, lessees, operators, and proprietors directly engaging in such legal 30 day rentals, many other Oahu residents and

businesses became wholly or partially economically dependent on these legal rentals, including house cleaners, landscapers, contractors, property managers, and booking agents.  Many other businesses, such as retail merchants, restaurants and activity providers, are also economically supported, in whole or in part, by these legal rentals.

## EXCESSIVE FINES

49.     Section 4 of Ordinance 22-7 contains fines for allegedly unpermitted TVUs or B&Bs – those rented for less than 90 days without a 1986 NCUC or a registration in a permitted zoning district – of up to $10,000 and an additional $10,000 for each day the violation persists, in addition to the rent received. Ordinance 22-7 also contains fines of advertising unpermitted TVUs or B&Bs of up to $5,000, and up to $10,000 for each day the advertisement is on public display.  An advertisement for an unpermitted TVU or B&B that includes daily or less than three-month rental rates is automatically deemed a violation.

50.     These fines are excessive and will chill otherwise legal behavior and will coerce property owners and operators to comply to DPPs demands, and effectively prevent meaningful judicial review.

51.     Therefore, a declaration of Plaintiff's, its members' and similarly situated persons rights prior to the effective date of Ordinance 22-7 is critical.

## COUNT I:  VIOLATION OF HRS § 46-4(a)

52.     Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

53.     Hawaii's Zoning Enabling Act, HRS § 46-4(a) prohibits the CITY from amending the LUO to prohibit the lawful use of any building or premises for the lawful residential purpose to which it was put prior to the amendment, in the case of Plaintiff's members, and those similarly situated, as lawful 30 day rentals for durations between 30 and 89 days.

54.     By enacting Ordinance 22-7 which prohibits rentals (and advertisements for rentals) for periods between 30 and 89 days in all but three small zoning districts without a process to demonstrate prior lawful use of 30 day rentals and thereafter protect that use as a nonconforming use, the CITY has violated HRS § 46-4(a).

55.     Plaintiff is entitled to a declaration that the CITY, through enactment of Ordinance 22-7's provisions that lengthen the minimum legal long-term rental period on Oahu from 30 days to 90 days and change the advertising requirements, has violated § 46-4(a) by prohibiting those engaged in lawful 30 day rentals for periods between 30 and 89 days prior to its effective date from continuing that lawful existing use and advertising as a nonconforming use.

56.   Plaintiff is also entitled to an injunction, on behalf of itself, its members, and all those similarly situated, against the enforcement of Ordinance 22-7 by the Defendants against those property owners and operators who were lawfully engaged in 30 day rentals for periods between 30 and 89 days and the advertisement thereof, until and unless the Defendants implement a process to protect existing lawful uses consistent with § 46-4(a).

## COUNT II: VESTED RIGHTS/ZONING ESTOPPEL

57.   Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

58.   Based upon the conduct of the Defendants, Plaintiff's members, and those similarly situated, have vested rights in the continued use and advertisement of their properties as 30 day rentals for periods between 30 and 89 days, which rights cannot be interfered with by the Defendants.

59.   Under the related doctrine of zoning estoppel, the Defendants cannot take actions contrary to the continued use and advertisement of properties as 30 day rentals by Plaintiff's members, and those similarly situated.

60.   Plaintiff is entitled to a declaration and injunction that the Defendants have interfered with the vested rights in the ownership and operation of 30 day rentals and/or the Defendants are estopped from interfering with the use and advertisement of properties as 30 day rentals.

## COUNT III:  DENIAL OF DUE PROCESS (U.S.)

61.    Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

62.    The right to 30 day rentals is a valuable and constitutionally protected property interest and a vested right of Plaintiff's members and others similarly situated, that is protected under the United States Constitution and state law.

63.    Due process includes a substantive component that guards against arbitrary and capricious government action which has no substantial relation to the public health, safety, morals or general welfare.  *Lopez v. State*, 133 Hawaii 311, 322, 328 P.3d 320, 331 (2014) (*quoting In re Herrick*, 82 Hawaii 329, 349, 922 P.2d 942, 962 (1996).

64.    The right to the continued existence of uses of property which lawfully existed prior to the effective date of Ordinance 22-7 is protected by due process principles.

65.    In addition, substantive due process protects Plaintiffs's members, and others similarly situated, from arbitrary laws.  Zoning laws that arbitrarily limit the duration of rentals violate due process.  *United Property Owners Assoc. v. Belmar*, 447 A.2d 933, 937 (N.J. Super. Ct. App. Div. 1982) *cert. den.* 453 A.2d 880 (1982) ("we sympathize with Belmar's desire to achieve more stable neighborhoods, we are forced to the conclusion that the time limitations imposed on renting residential

property are impermissibly arbitrary and constitute an unreasonable restraint on the use of private property.").

66.    The 90 day minimum rental period of Ordinance 22-7 in other than the Resort and Apartment zones is arbitrary and an unreasonable restraint on the use of private property in violation of due process.

67.    By its actions described herein, Defendants have taken or interfered with the vested rights and property interests of Plaintiff's members and others similarly situated in violation of substantive and procedural due process.

68.    Plaintiff, its members, and others similarly situated are entitled to injunctive and declaratory relief.

### COUNT IV: DENIAL OF DUE PROCESS (HAWAII)

69.    Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

70.    The right to 30 day rentals is a valuable and constitutionally protected property interest and a vested right of Plaintiff's members and others similarly situated, that is protected under the Hawaii Constitution and state law.

71.    Due process includes a substantive component that guards against arbitrary and capricious government action which has no substantial relation to the public health, safety, morals or general welfare. *Lopez v. State*, 133 Hawaii 311, 322, 328 P.3d 320, 331 (2014) (*quoting In re Herrick*, 82 Hawaii 329, 349, 922

P.2d 942, 962 (1996).

72.   The right to the continued existence of uses of property which lawfully existed prior to the effective date of Ordinance 22-7 is protected by due process principles.

73.   In addition, substantive due process protects Plaintiffs, its members, and others similarly situated, from arbitrary laws.  Zoning laws that arbitrarily limit the duration of rentals violate due process.  *United Property Owners Assoc. v. Belmar*, 447 A.2d 933, 937 (N.J. Super. Ct. App. Div. 1982) *cert. den*. 453 A.2d 880 (1982) ("we sympathize with Belmar's desire to achieve more stable neighborhoods, we are forced to the conclusion that the time limitations imposed on renting residential property are impermissibly arbitrary and constitute an unreasonable restraint on the use of private property.").

74.   The 90 day minimum rental period of Ordinance 22-7 in other than the Resort and Apartment zones is arbitrary and an unreasonable restraint on the use of private property in violation of due process.

75.   By its actions described herein, Defendants have taken or interfered with the vested rights and property interests of Plaintiff's members and others similarly situated in violation of substantive and procedural due process.

76.   Plaintiff, its members, and others similarly situated are entitled to injunctive and declaratory relief.

## COUNT V:  JUST COMPENSATION (U.S.)

77.     Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

78.     The Fifth Amendment of the United States Constitution, made applicable to the States through the Fourteenth Amendment, is intended to prevent the government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617-618 (2001).

79.     The Fifth and Fourteenth Amendments to the United States Constitution prohibit the Defendants from taking the property of Plaintiff, its members, and others similarly situated.

80.     If Ordinance 22-7 is permitted to take effect without protection of the rights of Plaintiff's members and others similarly situated, then by lengthening the minimum rental period from 30 days to 90 days, Ordinance 22-7 will take a valuable property right from those properties not possessing a NCUC or located in a zoning district which allows TVUs and B&Bs, because it effectively prohibits rental of the properties between 30 and 89 days.

81.     In reliance on the over 35 year history of permitted 30 day rentals, Plaintiff's members, and others similarly situated had reasonable investment-backed expectations regarding rental of their properties.

82.     Plaintiff's members, and others similarly situated will be entitled to just compensation for the taking of their protected property interests.

## COUNT VI: JUST COMPENSATION (HAWAII)

83.     Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

84.     Section 20 of the Hawaii Constitution goes further than its federal counterpart and provides that private property shall not be taken *or damaged* for public use without just compensation.

85.     The Hawaii Constitution prohibits the Defendants from taking or damaging the property of Plaintiff, its members, and others similarly situated.

86.     If Ordinance 22-7 is permitted to take effect without protection of the rights of Plaintiff's members and others similarly situated, then by lengthening the minimum rental period from 30 days to 90 days, Ordinance 22-7 will take a valuable property right from those properties not possessing a NCUC or located in a zoning district which allows TVUs and B&Bs, because it effectively prohibits rental of the properties between 30 and 89 days.

87.     In reliance on the over 35 year history of permitted 30 day rentals, Plaintiff, its members, and others similarly situated had reasonable investment-backed expectations regarding rental of their properties.

27

88.    Plaintiff's members, and others similarly situated will be entitled to just compensation for the taking of their protected property interests.

## COUNT VII:  CONTRACTS CLAUSE

89.    Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

90.    The United States Constitution provides that "[n]o state shall … pass any … Law impairing the Obligation of Contracts."  U.S. Const., Art. I, § 10, cl. 1. To determine when a law affecting pre-existing contracts violate the Contracts Clause, the Supreme Court applies a two-step test.  The threshold issue is whether the state law has "operated as a substantial impairment of a contractual relationship."  The Court considers the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his or her rights.  If such factors show a substantial impairment, the inquiry turns to the means and ends of the legislation. The Court considers whether the state law is drawn in an "appropriate" and "reasonable" way to advance a "significant and legitimate public purpose."  *Sveen v. Melin*, 138 S. Ct. 1815, 1821-1822 (2018) (citations omitted).

91.    In this case, Ordinance 22-7 will substantially impair the existing contracts of Plaintiff's members, and others similarly situated, with their tenants, by rendering it illegal for them to fulfill their rental contracts after the effective

date of the ordinance.

92.    Nor is Ordinance 22-7 an appropriate or reasonable means to advance a significant and legitimate public purpose. The sole purpose identified by the CITY for Ordinance 22-7 is "to better protect the City's residential neighborhoods and housing stock from the negative impacts of short-term rentals by providing a more comprehensive approach to the regulation of transient accommodations within the City." Short-term rentals, *i.e.*, those rented for less than 30 days, were already prohibited by the LUO.

93.    If Ordinance 22-7 takes effect without the protections alleged herein, Plaintiff, its members, and others similarly situated, will be entitled to recover damages in an amount to be proven at trial for the County's impairment of contracts, and are entitled to a declaration that the County violated the Contracts Clause.

## COUNT VIII:  EXCESSIVE FINES (U.S.)

94.    Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

95.    The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments be inflicted."

96.    The protection against excessive fines guards against abuses of the government's punitive or criminal law enforcement authority, and the safeguard has been held to be fundamental to our scheme of ordered liberty with deep roots in history and tradition.

97.    The provisions of Ordinance 22-7, which impose fines specifically for B&B and TVU owners of up to $10,000 and an additional $10,000 per day for a first violation, as well as a fine in the amount of rent received, violate the excessive fines provision of the United States Constitution.

98.    The provisions of Ordinance 22-7 which impose an initial fine of $5,000 and fines of up to $10,000 per day for every day that an "illegal" advertisement that remains publicly available, violates the excessive fines provision of the United States Constitution.

99.    Under Ordinance 22-7, the imposition of fines occurs before any due process is afforded to the alleged violator, and could thus run into the hundreds of thousands or millions of dollars before any evidence is considered by a neutral decision-maker, any hearing occurs, and an opportunity provided for the DPP and the Director to prove that a violation occurred which warrants such a fine.

100.   Therefore, Plaintiff, its members and those similarly situated are entitled to declaratory and injunctive relief before fines can be imposed.

## COUNT IX: EXCESSIVE FINES (HAWAII)

101.   Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

102.   Article I, § 12 of the Hawaii Constitution provides "Excessive bail shall not be required, not excessive fines imposed, nor cruel or unusual punishment inflicted."

103.  For the same reasons as stated in Count VII, this right has been violated by the requirements put in place by Ordinance 22-7.

104.  Therefore, Plaintiff, its members and those similarly situated are entitled to declaratory and injunctive relief before fines can be imposed.

## COUNT X:  VIOLATION OF CIVIL RIGHTS

105.   Plaintiff repeats and realleges each and every paragraph as fully as if set forth herein.

106.   Pursuant to 42 U.S.C. 1983, it is unlawful for the Defendants to violate Plaintiffs' civil rights: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States … rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

107.   By the actions described herein, the Defendants have violated the constitutional and civil rights in violation of the above-mentioned provisions and are liable to Plaintiff, its members, and others similarly situated, for such violation in an amount to be proven at trial, plus attorneys' fees and expert fees, and costs.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants as follows:

A.   That judgment be entered in favor of Plaintiff and against Defendants;

B.   For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of Defendants;

C.   For an injunction against Defendants for the enforcement of Ordinance Ordinance 22-7 against Plaintiff, its members and all those similarly situated;

D.   For an award of reasonable attorney's fees and their costs on their behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988;

E.   Costs;

F.   For appropriate equitable relief against all Defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to

Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful patterns and practices are eliminated and do not continue to affect Plaintiff, its members, or others' civil rights; and

G.     For such other and further relief as this court may deem appropriate, equitable, and just.

DATED:  Honolulu, Hawaii, June 6, 2022.

DAMON KEY LEONG KUPCHAK HASTERT

*/s/ Gregory W. Kugle*

_____

GREGORY W. KUGLE
LOREN A. SEEHASE
JOANNA C. ZEIGLER
TOREN K. YAMAMOTO
Attorneys for Plaintiff